UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTTS

| | | |
|---|---|---|
| STEVEN NYGREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 21-40004-JGD |
| AMY BONCHER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON RESPONDENT'S
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

December 29, 2021

DEIN, U.S.M.J.

**I. INTRODUCTION**

The Petitioner, Steven Nygren ("Nygren," "Petitioner" or "Defendant"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the decision of the Bureau of Prisons ("BOP") not to grant him "Earned Time Credits" for "Evidence-Based Recidivism Reduction Programs" ("EBRR Programs") and "Productive Activities" to which he contends he is entitled under the First Step Act ("FSA"), 18 U.S.C. §§ 3631-35. According to the Defendant's calculations, his sentence should be reduced by 360 days and his release date should be changed from March 8, 2025 to March 13, 2024. See Habeas Petition (Docket No. 1) ("Pet.") at 12. The Respondent, Amy Boncher, Warden of Federal Medical Center Devens ("FMC Devens"), has filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment" (Docket No. 17) and a supporting memorandum (Docket No. 18) ("Resp. Mem.") seeking dismissal of the petition on the grounds, *inter alia*, that Nygren has not exhausted his

administrative remedies and has not earned any FSA time credits.  For the reasons detailed herein, the Respondent's motion is ALLOWED and the habeas petition will be dismissed without prejudice.

## II. <u>STATEMENT OF FACTS</u>[1]

### <u>Overview</u>

In 2018, Nygren pleaded guilty in the United States District Court for the District of Maine to 63 counts of bank fraud in violation of 18 U.S.C. § 1344, one count of access device fraud in violation of 18 U.S.C. § 1029, and one count of tax evasion in violation of 26 U.S.C. § 7201 arising out of his misappropriation of his employer's funds.  Noel Decl. ¶ 3; see <u>United States v. Nygren</u>, No. 1:16-cr-00106-JAW, 2018 WL 1733980, at *1 (D. Me. April 10, 2018), <u>aff'd</u> 933 F.3d 76 (1st Cir. 2019).  He was sentenced on May 25, 2018 to a 95-month term of imprisonment, and his current projected release date is March 8, 2025, via good conduct time.  Noel Decl. ¶ 3.

The FSA was signed into law on December 21, 2018.  "The FSA provides that eligible inmates may earn FSA Time Credits towards pre-release custody or early transfer to supervised release for successfully completing approved Evidence-Based Recidivism Reduction programs or Productive Activities that are assigned to the inmate based on the inmate's risk and needs assessment."  FSA Time Credits, 85 Fed. Reg. 75268 (Nov. 25, 2020).  Under the Act, an eligible

---

[1] The Respondent has submitted the Declaration of Shawn Noel ("Noel"), Petitioner's case manager at FMC Devens.  Noel Decl. (Docket No. 18-1) ¶ 2.  Therein, Noel confirms Nygren's status at BOP, the calculations applicable to Nygren under the FSA and the status of Nygren's administrative challenge to the BOP calculations.  Since these facts are not in dispute, are consistent with Nygren's allegations, and are based on the undisputed business records of BOP that form the basis of Nygren's petition, the court will accept the Declaration without converting the motion to dismiss into a motion for summary judgment.  See <u>Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001) (describing documents a court can consider on a motion to dismiss).

prisoner, such as Nygren, who is "determined by the Bureau of Prisons to be at a minimum or low risk for recidivating," shall earn 15 days of time credits for every 30 days of successful participation in "evidence-based recidivism reduction programming or productive activities[.]" 18 U.S.C. § 3632(d)(4); see Noel Decl. ¶ 5 (Nygren is currently scored as a minimum risk of recidivating).[2]  As one court has explained:

> The Act provided for a gradual development of the framework of evaluation and programming pursuant to which various incentives, including time credits, could be earned. First, not later than 210 days after enactment, the Attorney General was required to develop and publicly release a risk and needs assessment system (the "System"), which would be used to determine the recidivism risk of each prisoner and determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner based on the prisoner's criminogenic needs. Id. § 3632(a). Then, within 180 days of the release of the System—that is, by January 15, 2020—the BOP was required to implement and complete the initial risk and needs assessment for each prisoner. Id. § 3621(h)(1). Thereafter, the Act provided for what it termed a "[p]hase-in," in which the BOP was directed [to] "provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner." Id. § 3621(h)(2)(A). During the phase-in, the Act provided that "the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." Id. § 3621(h)(3). The Act also provided for a "[p]reliminary expansion of evidence-based recidivism reduction programs and authority to use incentives," pursuant to which, beginning on the date of enactment, the BOP "may offer to prisoners who successfully participate in such programs and activities ... incentives" such as time credits. Id. § 3621(h)(4).

Cohen v. United States, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021).  While it is not without dispute, "[t]he overwhelming majority of courts to have considered this issue have agreed" that under the FSA "the BOP is not required to provide evidence-based recidivism reduction programing and productive activities for all prisoners, or

---

[2] There is some evidence in the record that Nygren's status may have changed during the course of this case due to new charges brought against him on July 2, 2021.  See Respondent's Status Report (Docket No. 23); Petitioner's Response to Third Status Report by Respondent (Docket No. 24).  There is also some evidence that the Defendant is being moved from FMC Devens.  See Petitioner's Status Report of Sept. 14, 2021 (Docket No. 25).  None of these potential changes affect the merits of this court's decision.

[3]

calculate or apply time credits earned, until January 15, 2022." Id. at **2-3.  Accord Miller v. Boncher, No. 21-cv-10967-KAR, 2021 WL 5882597, at *3 (D. Mass. Dec. 13, 2021) (habeas challenge to refusal to release based on earned time credits not ripe since "the BOP is not required to act on FSA earned time credits until January 15, 2022").

### Nygren's Claim

In his Petition, Nygren contends that he is entitled to a sentence reduction under the FSA totaling 360 days.  Pet. at 12.  He points to a number of educational courses he has completed, a service dog training program he actively participates in, as well as various work assignments which he claims entitle him to earned time credit.  Id. at 6.  The Respondent contends that Nygren's assessment under the FSA has established that he "has needs in the following areas: (1) Finance/Poverty; (2) Medical; (3) Recreation/Leisure Fitness; (4) Parenting; and (5) Substance Abuse" and that "Nygen has not completed any approved and assigned EBRR programs or productive activities which would earn him FSA Time Credits."  Noel Decl. ¶¶ 6, 8.[3]  Nygren takes strong exception both to the assessment of his needs as well as to the conclusion that none of his work or courses qualify for credit.  See Pet. Response to Resp. Motion (Docket No. 19) ("Pet. Resp.") at 5-19; First and Second Addendums to Pet. Response (Docket No. 21).

After unsuccessfully attempting to resolve his dispute informally (see Docket No. 1-1), on or about November 10, 2020, Nygren filed a Request for Administrative Remedy with the

---

[3] It is the Respondent's contention that Nygren is not entitled to receive credit for programs completed before January 15, 2020 since he had no identified needs before then, nor were there any approved EBRR or productive activities before that date.  See Resp. Mem. at 10.  See also Proposed Regulation 28 C.F.R. § 523.42(d)(1) (FSA Time Credits can only be earned for EBRR program or Productive Activity "which the eligible inmate successfully completes on or after January 15 2020").  Some courts have rejected this start date, and this court expresses no opinion as to the merits of the Respondent's position.  See Salter v. Fikes, Case No. 20-cv-2253 (ECT/ECW), 2021 WL 2365041, at *5 (D. Minn. May 5, 2021) (EBRR Programs and productive activities completed on or after December 21, 2018, the effective date of the FSA, should be counted).

Warden at FMC Devens seeking time credits under the FSA.  Noel Decl. ¶ 9.  On or about December 21, 2020, the Warden denied Petitioner's request.  Id.  See Pet. Ex. 1 at 29 ("a review of your educational transcripts revealed no Federal Credit Time eligible classes recommended based on a need were completed after January 15, 2020.").  Nygren submitted a Regional Appeal to the Northeast Regional Office, which was received on January 11, 2021.  Noel Decl. ¶ 9.  On or about February 8, 2021, this appeal was rejected by the Northeast Regional Office because certain pages were illegible.  Id.  The Rejection Notice expressly stated that Nygren could resubmit his appeal "in proper form within 10 days of the date of this rejection notice."  Docket No. 19-2.  Nygren contends that he received the Rejection Notice on March 9, 2021.  Pet. Resp. at 15.  It is undisputed that he did not resubmit his appeal to the Regional Office.  Id.  See also Noel Decl. ¶ 9.  According to Nygren, since so much time had passed he was advised to "move on" and proceed to the next step – an appeal to the General Counsel's Office, which he pursued.  Pet. Resp. at 15.  It is unclear whether this appeal was accepted since Nygren had not yet received a ruling from the Regional Office.  Id.  It is undisputed, however, that he never a received a ruling from the General Counsel's Office.  Id.

## Petition for Habeas Corpus Relief

On January 11, 2021, around the time he was submitting his Regional Appeal, Petitioner filed his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1).  As noted above, Petitioner argues that under the FSA he is entitled to 360 days of earned time credit due to the various educational and work programs in which he has participated.  See Pet. at 12. .  Respondent has filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 17) seeking dismissal of the Petition on various grounds, including (1) Nygren's failure to

[5]

exhaust administrative remedies; (2) the implementation of the risk and needs assessment system is committed to the discretion of the Attorney General and the BOP; (3) Nygren is not eligible for FSA Earned Time Credit based on BOP's calculations; (4) Nygren's petition is premature since BOP does not have to calculate credits under the FSA program until January 15, 2022; (5) Nygren has no constitutional right to apply time credits to gain an early release from his sentence; and (6) when the BOP does apply Nygren's FSA Time Credits, its decision on how to apply the credits will not be reviewable under the Administrative Procedures Act.  See Resp. Mem.  As detailed herein, Nygren's failure to exhaust his administrative remedies requires the dismissal of his Petition.  The court, therefore, will not reach the other grounds raised by the Respondent.

### III.  ANALYSIS

#### Exhaustion of Administrative Remedies

Prisoners challenging their conditions of confinement are required to exhaust their administrative remedies before they may petition for habeas corpus relief under 28 U.S.C. § 2241.  Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) ("Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination . . . by filing a habeas petition under 28 U.S.C. § 2241" (internal citation omitted)); see Levine v. U.S. Dep't of Federal Bureau of Prisons, Civil Action No. 20-cv-11833-ADB, 2021 WL 681689, at * 3 (Feb. 22, 2021) (§ 2241 habeas petition seeking sentence credit subject to dismissal if prisoner fails to exhaust his administrative remedies with the BOP (and cases cited)).  Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the

merits).'" Woodford v. Ngo, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The procedures for challenging a decision of confinement by the BOP are detailed in the Administrative Remedy Program, 28 C.F.R. §§ 542.10 *et seq.* The Program provides for several steps which prisoners must follow. First, the prisoner must attempt to resolve the complaint informally with the staff. 28 C.F.R. § 542.13(a). If an informal resolution cannot be found, an inmate must submit a formal written Administrative Remedy Request to the Warden through a "BP-9" form within 20 days of the events which form the basis of the inmate's request. 28 C.F.R. § 542.14(a). An inmate dissatisfied with the Warden's response to the BP-9 request may submit an appeal to the Regional Director via a "BP-10" form within 20 days of the date the Warden signed the BP-9 response form. 28 C.F.R. § 542.15(a). Lastly, an inmate dissatisfied with the Regional Director's response may appeal to the BOP's Office of General Counsel via a "BP-11" form within 30 days of the date the Regional Director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id. Only when these administrative remedies have been exhausted may the inmate proceed to file a habeas petition.

Here, as detailed above, while Nygren undertook some steps of the administrative process, he never received a decision on the merits from either the Regional Director or the Office of the General Counsel. Thus, it is undisputed that he did not exhaust his administrative remedies. "Some courts have recognized the potential for a waiver of the administrative exhaustion requirement for § 2241 petitions where a petitioner can show that fulfilling the requirement would be futile." Levine, 2021 WL 681689, at *3. See also Rodriguez-Rosa v. Spaulding, Civil Action No. 19-11984-MBB, 2020 WL 2543239, at *10 (May 19, 2020) (and cases

cited).  Here, however, Nygren "has not alleged that the administrative review process set out in the Program would not or could not provide him with a remedy[,]" and "[i]t is possible that Petitioner could achieve the credit he seeks at any of the stages in the Program's review and appeals process."  Levine, 2021 WL 681689 at *3.  This is especially true since the BOP assessment of qualifying EBRR Programs and productive activities for which credits may be earned have been evolving since Nygren started his appeal process.  Moreover, Nygren has time to complete the administrative process, since even under his calculations his release date would not be until 2024.  Thus, Nygren cannot establish that proceeding with the administrative process would be futile.

There is some support for the proposition that a prisoner may be excused from exhausting all administrative remedies before filing a § 2241 petition if the petitioner can make a showing of "cause and prejudice."  Dunbar v. Sabol, 649 F. Supp. 2d 1, 4 (D. Mass. 2009) (citing Carmona v. Bureau of Prisons, 243 F.3d 629, 630 (2d Cir. 2001)).  This requires a habeas petitioner to show "cause . . . by demonstrating that there were legitimate circumstances beyond the prisoner's control [which] preclude[d] him from fully pursuing his administrative remedies.  If the petitioner makes a sufficient showing of 'cause', he must then demonstrate 'prejudice'."  Id. (internal quotations and citations omitted).  Here there is no evidence that Nygren was prevented in any way from fully pursuing his administrative remedies, so no "cause and prejudice" exception to the exhaustion requirement applies.

Nygren asks this court to follow the New Jersey District Court's rulings in Goodman v. Ortiz, No. 20-7582 (RMB), 2020 WL 5015613 (D. N.J. August 25, 2020) and Hare v. Ortiz, No. 20-14093 (RMB), 2021 WL 391280 (D. N.J. February 4, 2021).  In those cases, the court reviewed

the BOP's determination of eligibility for Earned Time Credits even though the petitioner had failed to exhaust his administrative remedies, invoking the principle that exhaustion was not required because each of the cases presented "a narrow dispute of statutory construction." Goodman, 2020 WL 5015613, at *3; see Hare, 2021 WL 391280, at *3.  In those cases, the court purported to limit its analyses to statutory interpretation to determine the relevant time-period in which credits could be earned, the types of programs that could be considered, and the method of calculating such credits under the FSA.  See Goodman, 2020 WL 5015613, at *5.  See also Hare, 2021 WL 391280, at * 11 ("The Court, having established the timeframe for earning Time Credits, and the programs eligible for earning Time Credits, turns to the calculation of Time Credits earned under the FSA.").  No similar waiver of the exhaustion requirement is appropriate in the instant case, and the court declines to follow the same approach.  See Camreta v. Greene, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 2033 n.7, 179 L. Ed. 2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case").

Unlike Goodman and Hare, in the instant case there are a number of factual issues in dispute, including whether the programs completed by Nygren qualify as EBRR Programs or productive activities.  See Noel Decl. ¶ 8.  Similarly, it is unclear whether all of the programs and activities for which Nygren seeks credits satisfy any of his specific needs.  See Butler v. Bradley, No. CV 20-11211 DMG (RAO), 2021 WL 945252, at *4 (C.D. Cal. Feb. 22, 2021) ("If an inmate could accrue FSA credits by participating in any type of recidivism-reduction program or activity, the statutory language instructing the BOP to establish and implement an individualized risk and needs assessment system, 18 U.S.C. § 3632(a), (b), would be

superfluous."). As the court held in Gratton v. Dismas Charities, Inc., No. 3:20-00509, 2021 WL 4163992 (M.D. Tenn. Aug. 20, 2021), in language applicable to the instant case:

> The issue raised by Petitioner is not merely one of statutory interpretation. To the contrary, it involves a factually specific matter of whether the programs and activities Petitioner participated in qualify him for FTC under Section 3632(d)(4)(A). This type of factual matter is exactly the type of issue that should be fleshed out at the administrative level prior to adjudication by the Court.

Id. at *5. See also Salter, 2021 WL 2365041, at **5-6 (while court questions BOP's analysis of time period for qualifying ERBBs, it nevertheless "concludes that exhaustion should not be excused here, as the Petition does not merely present questions of statutory interpretation, that is, pure questions of law, but rather presents several factual disputes, in addition to questions of the proper application of the law to those disputed facts.").

Finally, unlike the situation in Goodman and Hare, Nygren has time to complete the administrative process. In Goodman application of the appropriate time period under the statute could result in Goodman's immediate release, while in Hare the appropriate calculation could make the petitioner's release imminent. Goodman, 2020 WL 5015613, at *1; Hare, 2021 WL 391280, at * 12. No such urgency exists in the instant case, where at best Nygren's release date would be changed to March 13, 2024. For all these reasons, the BOP should have the opportunity to calculate Nygren's Earned Time Credits before review by this court.

## IV. CONCLUSION

For all the reasons detailed herein, the "Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment" (Docket No. 17) shall be treated as a motion to dismiss and is ALLOWED.  The habeas petition (Docket No. 1) is dismissed without prejudice.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge
